```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

UNITED STATES OF AMERICA    )
                            )
        v.                  )   Case No. 2:24-cr-00058-wks-1
                            )
BOUNTHAVONG SONTHIKOUMMANE, )
    Defendant.              )
```

## OPINION AND ORDER

Defendant Bounthavong Sonthikoummane faces multiple charges in this case related to allegedly defrauding the government in relation to loans obtained from the government during the COVID-19 pandemic (hereinafter the "fraud case"). On a separate docket, 2:24-cr-00078, Defendant has also been charged with illegally possessing firearms (hereinafter the "gun case"). The fraud case began shortly before the gun case.

After several months of inactivity in the fraud case, Defendant filed a motion seeking dismissal with prejudice of the superseding indictment on account of a Speedy Trial Act (STA) violation. The government concedes that an STA violation has occurred and thus dismissal is warranted; however, the government argues for dismissal without prejudice. For the reasons set forth below, the Court dismisses the fraud case against Defendant *without* prejudice.

**Background**

On June 12, 2024, a federal grand jury in Vermont returned a superseding indictment against the Defendant, charging him with false statements, conspiracy, wire fraud, and money laundering, related to events in 2020 and 2021. ECF No. 6. The following day, June 13, 2024, law enforcement agents from multiple agencies went to the Defendant's home in White River Junction to arrest him. In the course of that arrest, the government discovered multiple firearms. The government subsequently indicted Defendant on July 24, 2024, for illegal possession of those firearms on a separate docket, 2:24-cr-00078.

The pretrial scheduling order in the fraud case set the pretrial motions deadline to September 16, 2024 and excluded time until then from STA computation. ECF No. 19. On June 20, Defendant was released from custody pending trial. ECF No. 28. Defendant's previous counsel filed an Assented-To Motion to Extend the Time for Filing Motions on September 11, 2024, which was granted by the Court on September 12. ECF No. 35. That Order extended the pretrial motions deadline to November 1, 2024, and further excluded time until that date from STA computation. No further motions were filed in the fraud case until the instant Motion to Dismiss on July 15, 2025. In the intervening time, on

December 5, 2024, Defendant substituted his previous counsel with current counsel in both cases.

On November 4, 2024, Chambers emailed previous counsel for Defendant and the government's counsel noting that the motion filing deadline in the fraud case had passed and inquiring about availability for a pretrial conference or change of plea hearing. Government's counsel replied, "I can be available, but there are two separate cases, the defense has filed a motion to suppress and to dismiss in one, and I think the parties believe we can't move forward on the second case without resolving the motions on the other. From my point of view, the motion deadline applied to both cases together. Maybe [defense counsel] has a different view." Previous defense counsel replied to that email, "I agree that we cannot move froward [sic] on 24-CR-58 until the motions filed in 24-CR-78 have been resolved." No motion or order extending the pretrial motions deadline was filed on the docket in the fraud case afterwards, and the Court did not hold a hearing or conference.

In the gun case, 2:24-cr-00078, Defendant filed the same Assented-To Motion to Extend the Time for Filing Motions on September 11, 2024, which was granted the following day. On October 28, Defendant filed a motion to suppress and a motion to dismiss in the gun case. 2:24-cr-00078, ECF Nos. 12, 13. On December 5, counsel was substituted, and new counsel filed a

3

supplementary motion to suppress on February 14, 2025. Following a suppression hearing, additional briefing, and an Opinion and Order granting in part and denying in part the motion to suppress, the government recently filed a Notice of Dismissal in the gun case, ECF No. 34. That notice remains pending.

On July 15, 2025, Defendant filed a Motion to Dismiss on Speedy Trial With Prejudice. ECF No. 38. The government responded on July 21, ECF No. 39, and Defendant replied on August 4, ECF No. 40. The Court held a hearing on the motion on August 11. ECF No. 43. The motion is now ripe.

## Discussion

The Speedy Trial Act, 18 U.S.C. §§ 3161–3174, establishes timelines for federal criminal cases along with sanctions for missing certain deadlines. 18 U.S.C. § 3161(c) requires the trial of an individual such as Defendant who has been indicted and pled not guilty to commence within seventy days of an indictment or first appearance. Certain periods of time are excluded from the calculation of that seventy-day period, including delay resulting from pretrial motions. 18 U.S.C. § 3161(h). A period of time may also be excluded following a grant of a continuance by the "judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of

justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Court made such findings and granted a continuance in its September 12, 2024 Order. ECF No. 35. That Order excluded the period of time until November 1, 2024 from counting towards the STA "clock." *Id.*

If the STA clock exceeds seventy days, the Court is required to dismiss the case if the defendant files a motion. "If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment *shall* be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2) (emphasis added). Defendant submits that the seventy-day time period expired on January 10, 2025, so the Court must now dismiss the fraud case. ECF No. 38. The government does not dispute that calculation, and it "agrees that a violation of the Speedy Trial Act occurred in this docket." ECF No. 39 at 1. Therefore, the Court must dismiss the fraud case.[1]

"While dismissal of the indictment is the mandatory sanction for a violation of the Speedy Trial Act's time limits, the determination of whether to dismiss an indictment with or

---

[1] Defendant also argues for dismissal under the Sixth Amendment. ECF No. 38 at 11-12. The Court does not reach that argument in this Opinion after finding that dismissal is required under the STA.

5

without prejudice is committed to the discretion of the district court." *United States v. Pikus*, 39 F.4th 39, 58 n.18 (2d Cir. 2022) (cleaned up). The statute requires that, "[i]n determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). "In addition to these statutory factors, the Supreme Court has indicated that prejudice to the defendant should also be considered." *United States v. Bert*, 814 F.3d 70, 79 (2d Cir. 2016) (citation omitted); *see United States v. Taylor*, 487 U.S. 326, 334 (1988). When "the charged crimes are serious, 'the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay[,]' [a]lthough 'the fact that the underlying offense is serious may be outweighed by the other factors, and the length of the delay may contribute to such a counterweight[.]'" *United States v. Pikus*, 2025 WL 1214405, at *2 (2d Cir. Apr. 28, 2025) (summary order) (quoting *Bert*, 814 F.3d at 79-80).

The parties disagree on the disposition of these factors to various degrees. The Court considers them in turn and finds that dismissal without prejudice is appropriate in this case.

    **I.    Seriousness of the Offense**

Defendant has been charged with bank and wire fraud related to COVID relief loans. Defendant acknowledges that other courts in this circuit have found these alleged offenses to be "serious." ECF No. 38 at 5 (citing *United States v. Teman*, 2019 WL 7041646, at *7 (S.D.N.Y. Dec. 20, 2019)). But Defendant still argues that, given the lack of aggravating circumstances and Defendant's criminal history, "on the spectrum of 'seriousness' this Superseding Indictment alleges an offense that falls on the 'less serious' side of the pole." ECF No. 38 at 6. The government meanwhile relies on Defendant's acknowledgement on seriousness and further argues that the circumstances of the alleged fraud warrant a finding of seriousness. ECF No. 39 at 4. Defendant did not provide precedent for a sliding scale of seriousness, and many courts appear to treat seriousness as a binary inquiry. *See, e.g., United States v. Pikus*, 2025 WL 1214405 (summary order); *Bert*, 814 F.3d 70; *Taylor*, 487 U.S. 326. For the present, it is enough that the Court agrees that the charges are "serious" for the purpose of 18 U.S.C. § 3162(a)(2).

**II.    The Facts and Circumstances of the Case**

Defendant argues that "the government's seeming disregard for the STA clock in the fraud case, coupled with the lengthy delay, weighs heavily in favor of dismissing this case with prejudice." ECF No. 38 at 6. The government concedes that it "is

7

responsible for monitoring the Speedy Trial clock and failed to do so in this instance," but it maintains that "because the attention of the parties to the gun docket is clear from the history of Sonthikoummane's paired cases, this factor should not require dismissal with prejudice despite the technical length of the Speedy Trial Act violation." ECF No. 39 at 5.

The Court agrees with Defendant that "[t]he Second Circuit has been clear for forty years 'that a criminal defendant has no obligation to take affirmative steps to insure that he will be tried in a timely manner.'" ECF No. 40 at 3 (citing *United States v. Tunnessen*, 763 F.2d 74, 79 (2d Cir. 1985)). The Court also agrees that the filing of motions in the gun case cannot toll the STA clock in the fraud case. In *United States v. Hoslett*, the Ninth Circuit considered a related scenario in which the government dropped some firearm charges from one indictment and refiled them in a separate case against the same defendant. 998 F.2d 648 (9th Cir. 1993). The *Hoslett* court found that "[a] rule that all motions filed in the original case are deemed filed in the second case for Speedy Trial Act purposes would make little sense. . . . After the new case is brought, any pertinent motions will be filed in that action." *Id.* at 659-60. Similarly, in this case, the motions filed in late October 2024 in the gun case did not impact the clock in the fraud case.

8

This violation of the STA results in the mandatory dismissal of this case as discussed above.

However, the November 2024 email exchange among the Court, previous defense counsel, and previous government counsel complicates the prejudice inquiry. The Court discussed the email exchange at length with new counsel for both parties during the August 11, 2025, hearing on this motion. Both parties agreed that the exchange could not toll the STA clock in the absence of an order on the docket reflecting that intent. Defendant's counsel argued that Defendant would not have and did not in fact agree to any implied tolling, if that were even possible under the statute. Defendant's counsel argued further that any ambiguity should be resolved in favor of the Defendant, given the government's responsibility for monitoring the STA clock. Government's counsel argued that the email exchange reflected a mutual intent for the cases to be handled together with the STA clocks running concurrently in both. Both parties appear to agree that there is no evidence of an "evil motive" for the delay, ECF No. 38 at 6 (citing *Bert*, 814 F.3d at 80), though the absence of an evil motive is not dispositive.

"This 'facts and circumstances' factor may tip in favor of dismissal with prejudice in situations where the delay is attributable to a 'truly neglectful attitude.'" *Bert,* 814 F.3d at 80 (quoting *Taylor,* 487 U.S. at 338). The Court must look not

9

only at the conduct of the attorneys in this case but also the Court itself, as "[d]istrict courts must hold themselves accountable for ensuring their own compliance with the Speedy Trial Act's requirements." *Id.*

The Court finds that it shares responsibility with the government for the STA violation. In this case, the Court reached out to the parties to check on the status of the STA. The Court then proceeded under the mistaken belief that the filings in the gun case, along with the email exchange among both parties' counsel and the Court, had tolled the STA clock in the fraud case. The government appears to have been operating on the same mistaken assumption. The legally required action was for the Court to grant a continuance in the fraud case on either its own motion or on the motion of one of the parties. 18 U.S.C. § 3161(h)(7)(A). However, the Court does not believe that this administrative oversight demonstrates a "truly neglectful attitude." The Court believes that, in November 2024, it would have been able to make the requisite findings under § 3161(h)(7) to determine that the ends of justice served by a continuance in the fraud case outweighed the best interests of the public and the Defendant in a speedy trial. Had such a continuance been issued at that time to reflect the understanding that the fraud case could not move forward until the motions in the gun case were resolved, there would be no violation here. Therefore, the

Court finds that the facts and circumstances leading to this delay do not clearly favor dismissal with prejudice.

### III. Impact of Reprosecution on the Administration of the Act and on the Administration of Justice

Defendant has argued that allowing the government to reprosecute his case would not serve as a sufficient sanction for the government's negligence in this case. Defendant urges that "[t]he government should not be rewarded with an opportunity to refile the fraud indictment against Mr. Sonthikoummane because it overlooked the fraud case in favor of the gun case, causing a lengthy delay that was not in the public's interest." ECF No. 38 at 9. The government counters that "dismissal without prejudice does not fail to sanction the government" because "the government will need to represent the case to a new grand jury in order to seek a renewed indictment." ECF No. 39 at 6.

"The Act's demand that justice be swiftly administered serves the public interest by, among other things, avoiding extended pretrial delays, which may impair the deterrent effect of punishment or risk the loss of important evidence." *Bert*, 814 F.3d at 83 (cleaned up). The Court agrees that Defendant and the public bear the burden of the delay here. However, these burdens do not neatly fall in favor of dismissal with prejudice. *Barker v. Wingo,* 407 U.S. 514, 519 (1972) ("In addition to the general

concern that all accused persons be treated according to decent and fair procedures, there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused."). The public in this case suffers from a waste of resources and from a potential delay in justice. Defendant's burdens are assumed for the moment and discussed in more detail below.

When considering the "impact of reprosecution" factor, The Second Circuit has instructed that "district courts should identify and explain the administrative neglect that caused the particular delay at issue, as well as consider any potential administrative changes that might be warranted in light of that violation." *Bert*, 814 F.3d at 83. The purpose of the STA is furthered "by incentivizing courts to police their own dockets." *Id.* Given the relatively unusual circumstances that led to the delay in this case, the Court is optimistic that it will not confront this issue again. Nevertheless, the Court will endeavor to ensure that continuances are promptly ordered where appropriate to prevent future violations, "[a]nd prosecutors should contribute to this process as well." *Id.* As discussed above, there does not appear to be any evidence of intent that would require a stricter sanction beyond increased vigilance by the Court and the government. Therefore, the Court finds that

this factor also does not clearly favor dismissal with prejudice.

### IV. Prejudice to Defendant

Defendant argues that the length of the delay in the fraud case is presumptively prejudicial to him both because it may have negatively impacted his ability to mount his defense and because of the many impacts on his life resulting from being under indictment. ECF No. 38 at 9-11. Defendant also argues that courts in this circuit have found that "an eight-month delay is presumptively prejudicial." *Id.* at 9. The government did not address this consideration in its briefing, noting only obliquely under another factor that "allowing the government to re-charge the fraud case following the dismissal in this case does not create undue burdens on Sonthikoummane." ECF No. 39 at 6.

The Court agrees that the burden of facing multiple charges across multiple cases that have spanned over a year now is significant. The Court notes that the government has filed a pending notice of dismissal in the gun case, having withdrawn its notice of appeal of the Court's suppression order in that case. The Court also notes that the Defendant has not been detained at any point during this period, thereby reducing the prejudice he may have suffered. However, the delay in the fraud case undoubtedly still burdens the Defendant. Given the

13

government's apparent silence on this point, the Court concludes that Defendant has been prejudiced by the delay.

Nonetheless, a finding of prejudice to Defendant does not require dismissal of the case with prejudice in every case. *See United States v. Stayton*, 791 F.2d 17, 21 (2d Cir. 1986). The eight-month delay in this case is well shy of the 23-month delay that the *Stayton* court concluded was sufficient to require dismissal with prejudice in that case. There does not appear to be a bright-line rule as to how long a delay must extend to merit dismissal with prejudice, *see Bert,* 814 F.3d at 80-82, and another court to consider an eight-month delay found that "at the very minimum, [the delay] weighs in favor of dismissal of those counts with prejudice." *United States v. Solnin*, 81 F. Supp. 3d 193, 204 (E.D.N.Y. 2015). Therefore, in this case, the prejudice to Defendant resulting from the delay is a factor that weighs in favor of dismissal with prejudice, but it does not surmount the seriousness of the alleged offense.

## Conclusion

The Court has found that the offense is serious, which weighs against dismissal with prejudice, but the Court has also found there is prejudice to the Defendant from the delay, which weighs in the opposite direction. The Court has found further that the other two factors—facts and circumstances of the case and impact of reprosecution—do not clearly weigh in one

direction or the other. Because the *Bert* court appears to give the seriousness of the alleged offense factor the most weight, 814 F.3d at 79-80, the Court concludes that dismissal without prejudice is appropriate here. Therefore, Defendant's motion to dismiss, ECF No. 38, is granted in part because this case is dismissed but denied in part because the government may seek to refile it if appropriate.

    DATED at Burlington, in the District of Vermont, this 9th day of September 2025.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge
